UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JARRED C. SIMMONS                                    CIVIL ACTION

VERSUS                                               NUMBER:  18-6254

JOSEPH LOPINTO, ET AL.                               SECTION:  "G"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Jarred C. Simmons, against Defendants, Jefferson Parish Sheriff Joseph P. Lopinto and Chief Sue Ellen Monfra and Deputy A. Sylvester of the Jefferson Parish Correctional Center ("JPCC"). (Rec. docs. 1, pp. 1, 5; 5).

Plaintiff Simmons is an inmate of the JPCC in Gretna, Louisiana, who is awaiting trial on a series of charges, most notably with being a principal to second-degree murder and attempted second-degree murder.  While incarcerated at JPCC, Plaintiff alleges that on March 24, 2018, "Dep. Sylvester pick[ed] up two cups off the ground and threw juice into my face." (Rec. doc. 1, p. 5).  A prison grievance that Plaintiff reportedly lodged regarding the incident was not responded to.  (*Id.*).  In his prayer for relief, Plaintiff merely asks for assistance in asserting his putative claim.  (*Id.* at p. 6).

As noted above, Plaintiff has instituted suit herein *in forma pauperis* pursuant to 28 U.S.C. §1915.  (Rec. doc. 5).  A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii).  *See also* 28 U.S.C. §1915A(b), 24 U.S.C. §1997e(c).  Giving the instant complaint a liberal reading, it is the recommendation of the

undersigned that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff gives no indication in his complaint of the capacity in which the named Defendants are being sued. "When a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008). "'In a suit brought against a municipal official in his [or her] official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'" *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff "... must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against the foregoing standards, Plaintiff's allegations against the named Defendants in their official capacity fail to state a claim upon which relief can be granted as he does not allege that the purported deprivation resulted from a policy or custom, much less identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. Viewing Plaintiff's allegations as having been made against Defendants Lopinto and Monfra in their individual capacity, he fares no better because "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation.

2

This standard requires more than conclusory assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims." *Id.* at *1 (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)).  This is so because "'[p]ersonal involvement is an essential element of a civil rights cause of action.'"  *Id.* (quoting *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)).  Supervisory officials like the Sheriff and Chief Monfra ". . . cannot be held liable for federal civil rights violations allegedly committed by ... [their] subordinates based merely on a theory of strict liability or vicarious liability." *Id.* (footnotes omitted).  *Respondeat superior* is simply not a concept that is applicable to proceedings brought under §1983.  *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985); *Lozano v. Smith*, 719 F.2d 756, 768, (5th Cir. 1983); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

Other than identifying the Sheriff and Chief Monfra as Defendants in the caption of and again on page five of his complaint, Plaintiff's principal pleading contains no allegations whatsoever regarding their involvement in the matter of which he complains.  Plaintiff's failure to plead facts specifying how the Sheriff and Chief Monfra were involved in the alleged wrong is fatal to his claim against those Defendants in their individual capacity.  *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996).

That leaves before the Court the primary claim herein:  Plaintiff's Eighth Amendment claim for excessive force against Deputy Sylvester in his individual capacity.  In order to prevail on such a claim, Plaintiff must first prove up the subjective component by establishing that "... the defendant acted maliciously and sadistically in an 'unnecessary and wanton inpliction of pain.'"  *Mosley v. White*, 464 Fed.Appx. 206, 211-12 (5th Cir. 2010)(quoting *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 1000 (1992)).  Second is an

objective component which requires a prisoner to demonstrate that the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id.* (quoting *Hudson*, 503 U.S. at 8, 112 S.Ct. at 999). Not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992). "Thus, a party's claim must allege more than a *de minimis* use of physical force in order to state a *prima facie* case of an Eighth Amendment violation." *Mosley*, 464 Fed.Appx. at 212 (citing *Eason v. Holt*, 73 F.3d 600, 604 n. 24 (5th Cir. 1996)). "The *de minimis* use of physical force is excluded from 'constitutional recognition,' unless it is of a sort 'repugnant to the conscience of mankind.'" *Id.* (quoting *Hudson*, 503 U.S. at 9-10, 112 S.Ct. at 1000). Although there is no categorical requirement that the physical injury be significant, serious, or more than minor, "… it is clear that some physical injury is required." *Lacey v. Galveston County Sheriff's Dept.*, No. 06-CV-0441, 2008 WL 624615 at *6 (S.D. Tex. Mar. 5, 2008). If a prisoner fails to establish either the subjective or objective components, "… there is not a valid Eighth Amendment claim." *Mosley*, 464 Fed.Appx. at 212; *see also Bailey v. Kirkland*, No. 08-CV-1125, 2009 WL 1956286 at *2 (W.D. La. Jul. 6, 2009)(Eighth Amendment claim not actionable without showing of physical injury).

In addition, 42 U.S.C. §1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997), the Fifth Circuit recognized that the Eighth Amendment's prohibition against cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." Because the plaintiff's injury in that

4

case – a sore, bruised ear lasting for three days – was considered *de minimis*, the Fifth Circuit found that he had failed to raise a valid Eighth Amendment claim for excessive force. *Id.* at 193-94. In an earlier case, *Jackson v. Culbertson*, 984 F.2d 699 (5th Cir. 1993), the Fifth Circuit affirmed the dismissal of the plaintiff's excessive force claim as frivolous, finding that the spraying of the inmate with a fire extinguisher with no resulting injury "... was a *de minimis* use of physical force and was not repugnant to the conscience of mankind." *Id.* at 700. In another case that post-dated *Siglar*, the court found plaintiff's Eighth Amendment claim to be frivolous where the defendant "... approached him as he was eating dinner, poured water into his food tray from a pitcher on the table, and then poured water from her drinking bottle on plaintiff's head and back ..." *Ekpin v. Bell*, No. 04-CV-0036, 2004 WL 1515562 at *1-3 (N.D. Tex. Jul. 6, 2004). And in *Fackler v. Dillard*, No. 06-CV-10466, 2006 WL 2404498 at *3 (E.D. Mich. Aug. 16, 2006), the court found that "[t]hrowing a small (allegedly four ounce) cup of urine through an inmate's food slot resulting in urine splashing on the inmate undoubtedly constitutes a *de minimis* use of force ... [and] 'is not a sort repugnant to the conscience of mankind.'" *Id.* (citation omitted).

Plaintiff in the present case does not allege that he suffered any physical injury as a result of reportedly having juice thrown in his face by Deputy Sylvester. Guided by the authorities cited above, the Court is constrained to conclude that Plaintiff suffered nothing more than a *de minimis* use of physical force that is not repugnant to the conscience of mankind and thus fails to state an actionable Eighth Amendment claim. Although Plaintiff is undoubtedly aware of how to assert a demand for compensatory damages,[1] he makes no

---

[1] *See* rec. doc. 1, p. 6 in *Simmons v. Jefferson Parish Corr. Center, et al.*, No. 18-CV-7215 "B"(3)(demand for $2.7 million); rec. doc. 1, p. 5 in *Simmons v. Lipinto, et al.*, No. 18-CV-6111 "S"(4)(demand for $100,000.00).

such demand in this case which would, at any rate, be barred by §1997e(e).  No constitutional violation being apparent here or any other valid basis upon which to support an award of compensatory or even nominal damages, punitive damages are also not recoverable in this matter.  *See Hutchins v. McDaniels*, 512 F.3d 193, 196-98 (5th Cir. 2007); *Douglas v. Gusman*, 567 F.Supp. 2d 877, 891-92 (E.D. La. 2008); *Foley v. Cain*, No. 13-CV-0370, 2015 WL 729913 at *3 (M.D. La. Feb. 18, 2015)(plaintiff must prove deprivation of a constitutional right to obtain relief in the form of nominal or punitive damages).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this __17th__ day of _____August_____, 2018.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.